**SCARINCI | HOLLENBECK**
ATTORNEYS AT LAW

New Jersey | New York | Washington, D.C.

**MARYAM M. MESEHA** | Counsel
mmeseha@sh-law.com
Direct Phone: 212-286-0747 | Fax: 212-808-4155

April 26, 2021

<u>*Via ECF; and*</u>
<u>*Courtesy Copies of the Unredacted Letter and Exhibits*</u>
<u>*Served Via Federal Express as per Confidentiality Order*</u>

Hon. Sarah Netburn, U.S.M.J.
United States District Court
500 Pearl Street
New York, New York 10007

        **Re:**    *National Sporting Goods, Corp. v. ETG Capital LLC, et al.*
                **Docket No.:**   **1:19-cv-5533 (JGK)**
                **Our File No.: 2536.1000**

Dear Judge Netburn:

As you are aware, on March 18, 2020, you extended discovery in this matter, initially scheduled to end on March 19, 2021, until April 30, 2021 (the "Discovery Extension"). (*See* ECF No. 53.) Your order authorizing the Discovery Extension provided, per the parties' request, that it was granted for the "limited purpose of conducting the deposition of Defendant Trade Risk Strategies' ["TRS"] corporate representative." (*Id.*)

TRS's corporate representative was Jack Trama, and Mr. Trama was duly deposed on April 15, 2021. [REDACTED]

On April 20, 2021, I wrote to Mr. Esses to ask that he consent to the requests contained herein: (i) to expand the scope of the Discovery Extension to include the production of any documents responsive to the TRS' Requests in Mr. Trama's possession and also (ii) to expand the scope of the Discovery Extension to include the production by ETG Capital LLC ("ETG") of documents that, as set forth below, were validly requested in the document requests propounded to ETG, ETG specifically agreed to produce, and have been improperly withheld to date. I also requested that

Hon. Sarah Netburn, U.S.M.J.
April 26, 2021
P a g e | **2**

Mr. Esses provide us with three dates on which he would be available to mediate this matter before Your Honor, per Your Honor's February 10, 2021 request. As described below, we have asked Mr. Esses to provide those dates on numerous occasions, and he has consistently ignored our requests.

Mr. Esses has not replied to our letter.[1] We now request that the Court intervene to resolve Plaintiff's discovery disputes with Defendants because Defendants have consistently used delay to their advantage in this matter and have demonstrated that they will not diligently carry out their discovery obligations without direction from the Court. Defendants' gamesmanship in meeting their discovery obligations and complying with this Court's requests continues to prejudice Plaintiff's ability to reach an expeditious and equitable resolution in this matter. Accordingly, for the reasons set forth below, Plaintiff now respectfully asks the Court to order TRS to produce all documents in Mr. Trama's possession that are responsive to any and all of the TRS requests and to order ETG the categories of documents identified below—which have already been the subject of extensive negotiation between myself and Mr. Esses, and to which Mr. Esses has raised no specific objection.

We also submit that Plaintiff is available to mediate this matter before Your Honor on May 11-13, 2021; during the week of May 18, 2021; or during the week of May 24, 2021. We further respectfully request, for the reasons set forth below, that the Court order a mediation on one of these dates or on another date that is convenient for the Court.

*Mr. Trama's Discovery Efforts*



---

[1] Our letter requested that he do so by the following day. We allowed additional time for his response before filing this letter, but still have not received any communications from him regarding our requests.

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

The TRS Requests asked, *inter alia*, for "All documents and communications relating to, arising out of, or concerning the subject matter of this Action." (Request No. 2.) In TRS's August 28, 2020 Responses and Objections to the TRS Requests, TRS represented that "Defendant [defined in the TRS Requests so as to include both TRS and Mr. Trama] will produce non-privileged documents responsive to this request in its custody, possession and control," subject to TRS's general objections. ████████████████████████████████████████
████████████████████████████████

████████████████████████████████████████████████████████████
████████████████

*Deficiencies in ETG's Productions*

On February 10, 2021, following the parties' successful negotiations regarding a number of disputed discovery requests, this Court held a pre-motion discovery conference pursuant to Local Rule 37.2 to resolve whether Defendants would be required to produce certain financial documents. The conference was narrowly focused on this particular issue because, per the parties' prior correspondence, Plaintiff understood all other points regarding the documents that Defendants would produce to have been resolved. Specifically, in response to our December 2, 2020 letter documenting understandings reached at our prior meet and confer and advancing proposals to address certain outstanding issues, Defendants' reply letter (i) did not dispute that Mr. Esses had orally agreed during our meet and confer to produce all communications between ETG and ETG clients, other than NSG, who had filed suit against ETG in connection with Put Option Contracts related to the Toys R' Us bankruptcy, and (ii) specifically agreed to produce several other categories of documents. (*See* **Exhibits B** (Plaintiff's December 2, 2020 letter to Mr. Esses) and **C** (Mr. Esses's December 7, 2020 reply).)

After the Discovery Extension had been granted and before the initial discovery period expired, we wrote to Defendant's counsel on March 19, 2021 to remind him that certain documents he had explicitly or implicitly agreed to produce were long-overdue, including:

Hon. Sarah Netburn, U.S.M.J.
April 26, 2021
P a g e | 4

    (a)    All communications between ETG and ETG's clients, other than NSG, who have filed suit against the company in connection with Put Option Contracts related to the Toys R' Us bankruptcy.

    (b)    All agreements, documents and communications that reflect or bear upon the compensation paid to Trade Risk Strategies, or any member, officer, or employee thereof, in connection with the sale of Put Option Purchase Contracts to NSG; Kolcraft Enters., Inc.; DGL Group Ltd; Happy Threads LLC; RedwoodVentures Ltd; IEI Inc.; and Luv N' Care Ltd.

    (c)    All Put Option Purchase Contracts, including all agreements incorporated by reference therein, that ETG entered into with the following entities:
        i. Kolcraft Enters., Inc.;
        ii. DGL Group Ltd;
        iii. Happy Threads LLC;
        iv. RedwoodVentures Ltd;
        v. IEI Inc.; and
        vi. Luv N' Care Ltd.[2]

To date, NSG has received no communications at all between ETG and its other clients who have sued ETG in connection with Toys R' Us bankruptcy Put Option Contracts. These communications are particularly important because ETG's purported bases for denying payment to NSG (all of which bases Plaintiff regards as pretextual) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Whether ETG consistently maintained to all ETG clients that a particular document was the "final order of the Bankruptcy Court" under their respective agreements is a key evidentiary point ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] ETG has produced certain portions of some of these contracts, but the set is incomplete and does not include, *inter alia*, all of the agreements incorporated by reference into the master agreements.

Hon. Sarah Netburn, U.S.M.J.
April 26, 2021
P a g e | **5**


3 ███████████████████████████████████████████

Hon. Sarah Netburn, U.S.M.J.
April 26, 2021
P a g e | **6**

In response to our March 19, 2021 letter reminding Mr. Esses of ETG's outstanding discovery obligations—which indicated that ETG had not objected to producing the requested documents subsequent to our December 2020 correspondence and that these demands were longstanding in nature—Mr. Esses cavalierly responded that "discovery is over (except for the deposition of TRS). So, even if are entitled to any such documentation—which is not conceded—discovery has closed." By letter dated March 29, 2021 to which Mr. Esses has not responded, we insisted that his response was plainly inadequate.

*Request for Relief*

Expanding the scope of the current discovery extension to allow Mr. Trama to search for and produce to us any documents in his possession that are responsive to the TRS Requests, and to compel ETG to complete the production of documents in response to the still outstanding requests identified above is appropriate.

We request that the documents be produced by April 30, 2021, but would agree to a further extension until May 19, 2021 (or such other date as the Court deems appropriate), if Defendants so require.

*Mediation Dates*

As stated above, in compliance with Your Honor's February 10, 2021 request that Plaintiffs and Defendants should jointly furnish three potential mediation dates, we represent that we are available to mediate this matter before Your Honor during the following periods:

  (a) May 11–13, 2021;
  (b) the week of May 18, 2021; and
  (c) the week of May 24, 2021.

We apologize for the belatedness of this response. Plaintiff has asked Defendants, by email and telephone, to furnish dates on which they would be available numerous times, on March 5, 2021, March 8, 2021, March 18, 2021 (verbally) and, most recently, in our April 20, 2021 letter. Defendants have consistently ignored these requests. Accordingly, we hope that the Court will proceed with scheduling a mediation at its convenience, bearing in mind (to the extent possible) the dates furnished above.

Hon. Sarah Netburn, U.S.M.J.
April 26, 2021
P a g e | 7

We thank you in advance for your time and attention.  If you have any questions regarding this letter, please do not hesitate to contact me.

Respectfully submitted,

*/s/  Maryam M. Meseha*

MARYAM M. MESEHA
For the Firm

cc:     Leo L. Esses, Esq. -     (*Via ECF; and Courtesy Copies of the Unredacted Letter and Exhibits Served Via Federal Express as per Confidentiality Order*)